## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE THE WENDY'S COMPANY SHAREHOLDER DERIVATIVE ACTION | ) CASE NO: 1:16-cv-01153 <br> ) Judge Timothy S. Black <br> ) <br> ) |

## DECLARATION OF STUART J. GUBER IN SUPPORT OF PLAINTIFF JAMES GRAHAM'S MOTION FOR PRELIMINARY APPROVAL OF DERIVATIVE LITIGATION SETTLEMENT

I, STUART J. GUBER, declare as follows:

1.   I am an attorney duly licensed to practice before all courts of the State of Pennsylvania and I am admitted *pro hac vice* to the United States District Court for the Southern District of Ohio to appear in this matter.

2.   I am a partner of the law firm of Faruqi & Faruqi, LLP, and counsel of record for Plaintiff James Graham in the above-captioned matter. I make this declaration in support of Plaintiff James Graham's Motion for Preliminary Approval of Derivative Litigation Settlement.

3.   Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation and Agreement of Settlement ("Stipulation").

4.   Attached hereto as Exhibit A to the Stipulation is a true and correct copy of the [Proposed] Order Preliminarily Approving Settlement.

5.   Attached hereto as Exhibit B to the Stipulation is a true and correct copy of the Notice of Proposed Settlement.

6.   Attached hereto as Exhibit C to the Stipulation is a true and correct copy of the Summary Notice of Proposed Settlement.

7.  Attached hereto Exhibit D to the Stipulation is a true and correct copy of the [Proposed] Order and Final Judgment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of May, 2018, at Jenkintown, Pennsylvania.

Stuart J. Guber

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE THE WENDY'S COMPANY SHAREHOLDER DERIVATIVE ACTION | ) CASE NO: 1:16-cv-01153-TSB<br>) JUDGE TIMOTHY S. BLACK<br>)<br>) |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated May 5, 2018, is made and entered into by and among the following Parties (as defined herein), each by and through their respective counsel of record: (1) James Graham ("Graham"), a plaintiff in the above-captioned consolidated shareholder derivative action (the "Action") on behalf of himself and derivatively on behalf of The Wendy's Company ("Wendy's" or the "Company" or the "Nominal Defendant"); (2) Michael Coahn ("Coahn" and together with Graham, the "Shareholders"), who made a pre-suit demand on the Wendy's Board of Directors to investigate potential breaches of fiduciary duty; (3) Nominal Defendant Wendy's; and (4) individual defendants Nelson Peltz, Peter W. May, Emil J. Brolick, Clive Chajet, Edward P. Garden, Janet Hill, Joseph A. Levato, J. Randolph Lewis, Peter H. Rothschild, David E. Schwab II, Roland C. Smith, Raymond S. Troubh, Jack G. Wasserman, Michelle J. Mathews-Spradlin, Dennis M. Kass, Matthew Peltz, Todd A. Penegor, and Robert D. Wright (collectively, the "Individual Defendants" and together with Wendy's, the "Defendants").

This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims (as defined herein), upon the terms and subject to the conditions set forth herein.

1

I.     **INTRODUCTION**

    A.  **Background of the Action**

According to its public filings, Wendy's is the world's third largest quick-service restaurant company in the hamburger sandwich segment.  Wendy's is primarily engaged in the business of operating, developing and franchising a system of distinctive quick-service restaurants serving high quality food.  The Company maintains over 6,000 Wendy's establishments in North America, the majority of which are franchisee owned, with approximately 337 corporate owned.

The Action arises out of a third-party criminal cyberattack at certain franchisee-owned Wendy's restaurants (the "Data Breach").  In January 2016, Wendy's announced that it was investigating reports of suspicious activity involving payment cards used at some of its restaurants. Shortly thereafter, the Company disclosed that certain franchisee-owned restaurant locations were found by cybersecurity experts to have malware on their systems, and that the Company was continuing to work closely with cybersecurity experts and law enforcement officials to investigate the matter.  In May 2016, the Company disclosed that: "Based on the preliminary findings of the investigation and other information, the Company believes that malware, installed through the use of compromised third-party vendor credentials, affected one particular point of sale ['POS'] system at fewer than 300 of approximately 5,500 franchised North America Wendy's restaurants, starting in the fall of 2015."  The Company further disclosed that the malware had been disabled and eradicated in affected restaurants, but that the investigation was ongoing.

The Company subsequently announced that, in its continued investigation, the Company discovered a variant of the malware on a different POS system at additional franchisee-owned restaurants.  The announcement stated: "Many franchisees and operators throughout the retail and restaurant industries contract with third-party service providers to maintain and support their POS

systems.  The Company believes this series of cybersecurity attacks resulted from certain service providers' remote access credentials being compromised, allowing access to the POS system in certain franchise restaurants serviced by those providers."  The Company further disclosed that no Company-operated restaurants were impacted by this activity.

### B.  Procedural Background

The Action was commenced by plaintiff Graham in the U.S. District Court for the Southern District of Ohio (the "Court") with a complaint filed on December 16, 2016 (the "*Graham* Complaint").  The Action alleges that the Individual Defendants – current and former officers and directors of the Company – allegedly breached their fiduciary duties, wasted corporate assets, were unjustly enriched, and committed gross mismanagement in their oversight of the Company's cyber risks.

Defendants moved to dismiss the *Graham* Complaint on March 10, 2017, on the grounds that: (1) Graham failed to meet the stringent pleading requirements to show demand futility under Delaware law; and (2) he failed to plead any actionable claims under Rule 12(b)(6) – including because duty of care claims against the directors were exculpated and plaintiff did not state a claim for duty of loyalty based on a failure of oversight. Defendants argued that no court had ever sustained derivative claims against directors arising out of a third-party criminal cyberattack. *See In re The Home Depot, Inc. S'holder Deriv. Litig.*, No. 15-cv-2999, 2016 WL 6995676 (N.D. Ga. Nov. 30, 2016).  Defendants further noted that certain of the Individual Defendants are significant stockholders of Wendy's, and their economic interests were therefore aligned at all times with those of the other stockholders – including the plaintiff.[1]

---

[1] After Defendants had filed their Motion to Dismiss Graham's complaint, Wendy's shareholder Thomas Caracci ("Caracci"), who is represented by Kahn Swick & Foti and Newman Ferrara, filed a second derivative shareholder complaint in the S.D. Ohio (the "*Caracci* Complaint").

On March 22, 2017, counsel for Coahn sent a pre-suit demand (the "Demand") pursuant to Delaware law to the Company's Board of Directors (the "Board"), demanding that the Board investigate potential breaches of fiduciary duty and acts of mismanagement related to the Data Breach.  The Demand alleged, among other things, that management breached their fiduciary duties of loyalty and good faith by: (i) failing to implement and enforce a system of effective internal controls and procedures with respect to data security for the Company and its franchisees; (ii) failing to exercise their oversight duties by allegedly not monitoring the Company and its franchisees' compliance with federal and state laws; and (iii) failing to cause the Company to make full and fair disclosures concerning the effectiveness of the Company's policies and procedures with respect to data security and the scope and impact of the data breach.  Coahn therefore demanded that the Board: (i) undertake (or cause to be undertaken) an independent internal investigation into management's alleged violations of Delaware and/or federal law and (ii) commence a civil action against each named member of management to recover for the Company the alleged damages to the Company as a result of the purported breaches of fiduciary duty.

The Board's counsel, Cleary Gottlieb Steen & Hamilton LLP, sent a letter in response to the Demand to Coahn's counsel on May 24, 2017 (the "Cleary Letter").  The Cleary Letter informed Coahn's counsel that, because of the issues being litigated in the Action, the Board would defer taking any action in response to the Demand pending a ruling on the sufficiency of the pleadings in the litigation, and that the Board would monitor developments and consider the Demand at a later time as circumstances warranted.

In May 2017, Graham and Caracci each cross-moved to consolidate the related Wendy's derivative actions and to appoint their respective counsel as Lead Counsel in the consolidated

action.  The two actions were consolidated in June 2017, but the Court has not issued an order appointing either plaintiff or counsel as lead as of the Execution Date of this Stipulation.

### C.  Settlement Negotiations

On July 31, 2017, Shareholders' Counsel (as defined herein) and plaintiff's counsel in the *Caracci* action attended an informational meeting with counsel for Defendants and certain Wendy's employees in New York City (the "Information Session").  Robert Anderson, a former national security executive with the FBI, also attended the Information Session as consulting expert for Plaintiff Graham.  The Information Session was conducted under the mediation privilege and supervised by mediator Jed D. Melnick of JAMS.  During the Information Session, Wendy's discussed the Data Breach and reiterated that no Company-owned restaurants or systems were impacted in the third-party criminal attack.  Wendy's additionally provided to Shareholders' Counsel and Caracci's counsel certain confidential, non-public information related to Shareholders' allegations and Defendants' defenses in the Action.

Shareholders' Counsel jointly submitted a detailed settlement demand to counsel for the Defendants on December 6, 2017.  On February 12, 2018, after submitting their respective confidential mediation statements, Shareholders' Counsel and counsel for the Defendants attended a full day in-person mediation with mediator Ralph B. Levy of JAMS (the "Mediator") in Atlanta, Georgia.  While the Parties did not reach a final agreement by the conclusion of the Mediation, the respective mediation statements and the dialogue during the Mediation were critical to, and served as the springboard for, subsequent productive conversations between counsel for the Parties with the continued oversight and assistance of the Mediator, which ultimately led to the Settlement.

5

## II.     SHAREHOLDERS' COUNSEL'S INVESTIGATION AND RESEARCH, SHAREHOLDERS' CLAIMS, AND THE BENEFITS OF SETTLEMENT

Shareholders' Counsel conducted an extensive investigation relating to the claims and the underlying events alleged in the Action, including, but not limited to: (1) inspecting, analyzing, and reviewing Wendy's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) drafting Graham's derivative complaint which initiated the Action; (3) drafting Coahn's Demand; (4) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; (5) researching corporate governance issues; (6) retaining Mr. Anderson as consulting expert; (7) attending the Information Session with Mr. Anderson; (8) preparing and submitting a detailed settlement demand; (9) preparing and submitting a detailed mediation statement; (10) attending and participating in the Mediation; (11) reviewing thousands of pages of non-public materials provided through confidential mediation and settlement discussions; and (12) participating in extensive settlement discussions with the Mediator and counsel for Defendants.

Shareholders' Counsel believes that the claims asserted in the Action have merit and that their investigation supports the claims asserted. Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and solely in order to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trial(s) and appeal(s), the Shareholders have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Shareholders and Shareholders' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial(s) and through possible appeal(s). Shareholders' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in a

6

complex case such as the Action, as well as the difficulties and delays inherent in such litigation. Based on their evaluation, the Shareholders and Shareholders' Counsel have determined that the Settlement is in the best interests of the Shareholders, Wendy's, and Current Wendy's Stockholders (as defined herein), and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

### III. DEFENDANTS' DENIAL OF WRONGDOING

The Individual Defendants, each of whom believes she or he has substantial defenses to the claims alleged against such Individual Defendant in the Action, and the Company, have determined that it is in the best interests of the Company that the Action should be fully and finally settled in accordance with the terms and conditions set forth in this Stipulation, while maintaining each of their defenses to the Action and without any admission or concession of fault, wrongdoing or liability, in order to avoid further litigation which would be time consuming and expensive, and because of the costs and uncertainties of continued litigation, and that the terms and conditions of the Stipulation are fair, reasonable, and adequate to the Company and its stockholders. Neither this Stipulation, nor any of its terms or provisions, nor entry of the Order and Final Judgment (as defined herein), nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is or may be construed or used as evidence of the validity of any of Shareholders' Released Claims (defined herein), or as an admission by or against any of the Defendants or any Defendants' Released Persons of any fault, wrongdoing, or concession of liability whatsoever.

### IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Shareholders (on behalf of themselves and derivatively on behalf of Wendy's), the Individual Defendants, and Nominal Defendant Wendy's, by and through their respective counsel

or attorneys of record, hereby stipulate and agree that, subject to the approval of the Court, the *Graham* Complaint or the operative complaint in the Action, the Demand, Defendants' Released Claims, and Shareholders' Released Claims, which are inclusive of the claims that have been or could have been asserted in the *Graham* Complaint and the *Caracci* Complaint (among other claims defined below), shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon the terms and subject to the conditions set forth herein as follows:

### 1. Definitions

As used in this Stipulation, the following terms have the meaning specified below:

1.1     "Action" means the above-captioned consolidated shareholder derivative action pending in the U.S. District Court for the Southern District of Ohio, captioned *In re The Wendy's Company Shareholder Derivative Action*, Case No. 1:16-cv-01153-TSB.

1.2     "Board" means the Board of Directors of Wendy's.

1.3     "Court" means the U.S. District Court for the Southern District of Ohio.

1.4     "Company" means The Wendy's Company.

1.5     "Current Wendy's Stockholder" means any Person who owned Wendy's common stock as of the Execution Date of this Stipulation and who continues to hold their Wendy's common stock as of the date of the Settlement Hearing.

1.6     "Defendants" means, collectively, the Individual Defendants and Nominal Defendant Wendy's.

1.7     "Defendants' Counsel" means Alston & Bird LLP, 1201 West Peachtree Street, Suite 4200 Atlanta, Georgia 30309-3424.

1.8 "Defendants' Released Claims" means collectively all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, asserted or that might have been asserted in any forum by Defendants' Released Persons against Shareholders' Released Persons, which arise out of, are based on, or relate in any way, directly or indirectly, to the institution, prosecution, or settlement of the Action; *provided, however,* that "Defendants' Released Claims" shall not include any claims to enforce the Settlement nor any claims to enforce the Confidentiality and Non-disclosure Agreements previously entered into by Defendants, Shareholders and/or Shareholders' Counsel.

1.9 "Defendants' Released Persons" means each of the Defendants and, to the maximum extent permitted by law, each of Defendants' immediate family members, spouses, heirs, executors, estates, administrators, trustees, assigns, and any trusts in which Defendants, or any of them, are settlors, or which are for the benefit of any Defendants and/or members of his or her immediate family; any entity in which a Defendant, and/or members of his family has a controlling interest; each of the Defendants' present and former attorneys, legal representatives, and assigns in connection with the Action; Defendants' insurers; and all present and former directors and officers, agents, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, and divisions.

1.10 "Director" means an individual member of the Board of Directors of Wendy's.

1.11 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 herein have been met and have occurred.

1.12 "Execution Date" means the date this Stipulation has been signed by all the signatories through their respective counsel.

9

1.13    "Fee Award" means the sum to be paid to Shareholders' Counsel for their attorneys' fees and expenses, detailed in Section 5 herein, subject to Court approval, in recognition of the substantial benefits conferred upon Wendy's and Current Wendy's Stockholders by the issuance of the Demand and the initiation, prosecution, and settlement of the Action.

1.14    "Final" means the date when a judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  More specifically, it is that situation when (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (2) an appeal has been filed and the court of appeals has either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying Order and Final Judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.

1.15     "Individual Defendants" means, collectively Nelson Peltz, Peter W. May, Emil J. Brolick, Clive Chajet, Edward P. Garden, Janet Hill, Joseph A. Levato, J. Randolph Lewis, Peter H. Rothschild, David E. Schwab II, Roland C. Smith, Raymond S. Troubh, Jack G. Wasserman, Michelle J. Mathews-Spradlin, Dennis M. Kass, Matthew Peltz, Todd A. Penegor, and Robert D. Wright.

1.16    "Notice to Current Wendy's Stockholders" or "Notice" means the Notice of Proposed Settlement, substantially in the form of Exhibit B attached hereto.

1.17    "Order and Final Judgment" means the order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

10

1.18    "Parties" means, collectively, each of the Shareholders (on behalf of themselves and derivatively on behalf of Wendy's), each of the Individual Defendants, and Nominal Defendant Wendy's.

1.19    "Person" or "Persons" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.20    "Preliminary Approval Order" means the Order to be entered by the Court, substantially in the form of Exhibit A attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that Notice and Summary Notice be provided to Current Wendy's Stockholders, and scheduling a Settlement Hearing to consider whether the Settlement and the Fee Award should be finally approved.

1.21    "Released Parties" means Defendants' Released Persons and Shareholders' Released Persons.

1.22    "Settlement" means the settlement documented in this Stipulation.

1.23    "Settlement Hearing" means a hearing by the Court to review this Stipulation and determine: (i) whether to enter the Order and Final Judgment; and (ii) all other matters related to the Settlement that are properly before the Court.

1.24    "Shareholders" means collectively Graham and Coahn.

1.25    "Shareholders' Counsel" means, collectively, (1) Faruqi & Faruqi, LLP, 101 Greenwood Avenue, Suite 600, Jenkintown, PA 19046; (2) Strauss Troy Co., LPA, 150 E. Fourth

St, Cincinnati, OH, 45202-4018; and (3) The Weiser Law Firm, P.C., 22 Cassatt Avenue, Berwyn, Pennsylvania 19312.

      1.26    "Shareholders' Released Claims" means all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature, and description whatsoever, including both known claims or Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by Shareholders' Released Persons or any Current Wendy's Stockholder derivatively on behalf of Wendy's, against any of Defendants' Released Persons, based upon, arising out of, or related to (a) the Data Breach; (b) the allegations, facts, transactions, events, occurrences, acts, disclosures, statements, representations, omissions, or failures to act relating to all matters involved, set forth, referred to, or alleged in any complaint(s) filed in the Action, including in the *Graham* Complaint and the *Carcacci* Complaint; and (c) the allegations, facts, transactions, events, occurrences, acts, disclosures, statements, representations, omissions, or failures to act relating to all matters involved, set forth, referred to, or alleged in the Demand and any other demand on the Board arising out of the Data Breach; *provided however*, that "Released Claims" shall not include any claims to enforce the Settlement.

      1.27    "Shareholders' Released Persons" means Shareholders, Shareholders' Counsel and each of their immediate family members, spouses, heirs, executors, administrators, successors, trustees, attorneys, personal or legal representatives, advisors, estates, assigns, and agents thereof.

      1.28    "Stipulation" means this Stipulation and Agreement of Settlement.

      1.29    "Summary Notice" means the summarized Notice substantially in the form of Exhibit C attached hereto.

1.30    "Unknown Claims" means any of Shareholders' Released Claims and Defendants' Released Claims that any Party does not know or suspect exists in his, her, or its favor at the time of the Settlement, including, without limitation, those claims which, if known, might have affected the decision to enter into, or not object to, this Settlement.  The Parties expressly waive, relinquish, and release any and all provisions, rights, and benefits conferred by or under California Civil Code Section 1542 ("§ 1542") or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to Shareholders' Released Claims and Defendants' Released Claims in the Settlement, as the case may be, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Shareholders' Released Claims and Defendants' Released Claims known or unknown, suspected or unsuspected, contingent or absolute, apparent or unapparent, which do not exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  The Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of the Stipulation of which this release is a part.

13

1.31    "Wendy's," the "Company" or "Nominal Defendant" means Wendy's and includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

## 2. Settlement Consideration

2.1    In consideration of the full settlement and release of all of Shareholders' Released Claims against Defendants' Released Persons, Wendy's, subject to Board approval, agrees to adopt and/or maintain the following measures with respect to its Company-owned U.S. restaurants and systems (unless otherwise specified below) (the "Measures"), within thirty (30) days of issuance of the Order and Final Judgment, except as set forth below.

    a. The Board will maintain a Technology Committee with oversight responsibilities relating to matters of information technology and cybersecurity;

    b. The Technology Committee will be governed by a Charter, which will include in relevant part that the Technology Committee shall oversee, among other things, cybersecurity matters;

    c. The Technology Committee Charter will be approved no later than fifteen (15) days prior to a hearing on any motion for final approval of the settlement;

    d. Management will report to the Technology Committee on any material findings arising out of the annual Qualified Security Assessor ("QSA") reviews of the Company as a merchant of record for all Company-owned stores and as a service provider to franchisees, to the extent such QSA reviews are required by Payment Card Industry Data Security Standards ("PCI DSS");

    e. The Technology Committee will retain the right to meet with the Company's Chief Information Officer ("CIO") in executive session as the Committee deems necessary and appropriate;[2]

    f. On at least an annual basis, and more frequently if requested by the Technology Committee, the Company's Management will report to the

---

[2] In the event the Company determines in its sole discretion to appoint a Chief Information Security Officer or another officer with oversight of the Company's cybersecurity program, the duties and responsibilities of the CIO set forth herein may be transferred in whole or in part to such other officer(s), at the discretion of the Company.

Technology Committee regarding the Company's cybersecurity program and material cybersecurity risks;

g.  The Board or a Committee thereof will continue to be authorized to retain its own IT, data and security experts and consultants to assist in its cybersecurity oversight function, as it deems necessary;

h.  The Company will either (a) continue to maintain Wendy's Technology, LLC ("WeTech") or a similar entity, which will offer to Wendy's franchisees certain Foundational Security Services, as may be amended from time to time in the WeTech Products and Services Agreement or any similar document or (b) require franchisees to use a Company-approved third-party vendor(s) for similar services;

i.  The Company will continue to maintain the Wendy's Technology Advisory Council ("WTAC");

j.  The Company's CIO or someone who reports directly to the CIO, will continue to serve as the Wendy's Member, which will be the Chair of the WTAC;

k.  The Company will continue to maintain and update as needed the information security standards in its Franchisee Operations Manual or a similar document that is distributed to franchisees, and the manual or other similar document will continue to include information regarding the franchisees' obligations to comply with PCI DSS;

l.  The Company will continue to maintain and periodically re-evaluate an Incident Response Plan or a similar document to address potential significant cybersecurity incidents;

m.  The Company will continue to maintain an Information Security Incident Management Plan or similar document;

n.  The Company will continue to maintain and periodically re-evaluate its Information Security Policy;

o.  The Company's Enterprise Risk Management team, which includes members of the Company's legal, risk management, and information security departments, will continue to meet on a regular basis, and will continue to discuss and evaluate potential risks to the Company, which may include cyber risks;

p.  Management will continue to maintain monitoring for indicators of compromise on the Company's computer network endpoints, to the extent required by PCI DSS;

q.   Management will continue to ensure that the Company's network topology is reasonably segmented;

r.   Management will continue to deploy anti-virus protections on all Company-owned store based IT assets, to the extent required by PCI DSS;

s.   Management will continue to conduct regular external and internal penetration testing;

t.   The Company will continue to conduct IT table-top exercises periodically.

2.2    The Measures set forth above will be materially maintained for at least three (3) years following the issuance of the Order and Final Judgment, subject to any of the following: (a) a determination by a majority of the non-management Directors that the Measure is no longer in the best interest of the Company, including, but not limited to, due to circumstances making the Measure no longer applicable, feasible, or available on commercially reasonable terms; (b) a determination by the Chief Information Officer (or the officer designated as the head of the Company's cybersecurity program) and approved by a majority of the members of the Board's Technology Committee that the Measure is no longer in the best interest of the Company, including, but not limited to, due to circumstances making the Measure no longer applicable, feasible, or available on commercially reasonable terms; or (c) modifications which the Company reasonably believes are required by applicable law or regulation; provided, however, that nothing in this Stipulation applies to the Technology Committee Charter with respect to non-cybersecurity matters.

2.3    Defendants acknowledge that the filing of the Action and the issuance of the Demand were material and substantial factors in the implementation of Measures (a) through (f) above.  Defendants additionally acknowledge that the Action and the Demand were contributing factors for the maintenance of the remaining Measures set forth above.  Defendants further agree that the Measures confer a material benefit on Wendy's and Current Wendy's Stockholders.  The

16

foregoing Measures shall constitute the full and complete consideration for the relief provided herein with respect to each of the Defendants and the Parties agree that no further relief or consideration shall be provided against the Individual Defendants.

**3. Procedures for Implementing the Settlement**

3.1     Within ten (10) business days after the Execution Date of this Stipulation, the Shareholders shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice of proposed Settlement to Current Wendy's Stockholders; (iii) approval of the form of Notice attached hereto as Exhibit B and the Summary Notice attached hereto as Exhibit C; and (iv) a date for the Settlement Hearing.

3.2     Within ten (10) business days of the Court's entry of the Preliminary Approval Order, Wendy's shall: (a) post a copy of the Stipulation and Notice on the Investor Relations portion of the Wendy's website; (b) cause a Current Report on Form 8-K to be filed with the SEC that attaches the contents of the Summary Notice, and provides a link in the 8-K to the Stipulation and Notice that shall be posted on the Investor Relations portion of Wendy's website; and (c) cause a copy of the Summary Notice to be published one time in *IBD Weekly Print*.  All costs of such Notice, Summary Notice, posting and any other notice ordered by the Court shall be paid by Wendy's.

3.3     After notice as described above is given to Current Wendy's Stockholders, Shareholders' Counsel shall request that the Court hold the Settlement Hearing to finally approve the Settlement and the requested Fee Award.

3.4 If the Court approves the Settlement at the Settlement Hearing, the Parties will jointly request entry of the Order and Final Judgment by the Court, the entry of which is a condition of this Stipulation: (i) approving finally the Settlement set forth in the Stipulation as fair, adequate, and reasonable, and directing its consummation pursuant to its terms; (ii) finally approving the Fee Award and Incentive Awards; (iii) dismissing with prejudice all of Shareholders' Released Claims against Defendants' Released Persons; (iv) permanently barring and enjoining the institution and prosecution by Shareholders' Released Persons and any other Current Wendy's Stockholder on behalf of Wendy's against Defendants' Released Persons in any court, tribunal, forum or proceeding of any of Shareholders' Released Claims and any claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; (v) permanently barring and enjoining the institution and prosecution by Defendants' Released Persons of any action against Shareholders' Released Persons in any court, tribunal, forum or proceeding of any of the Defendants' Released Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; and (vi) containing such other and further provisions consistent with the terms of this Stipulation to which the Parties hereto consent in writing.

**4. Releases**

4.1 In consideration of the obligations and commitments undertaken by Defendants and the releases by Defendants' Released Persons, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Shareholders' Released Persons shall fully, finally and forever release, relinquish and discharge as against Defendants' Released Persons any and all of Shareholders' Released Claims, and shall forever be

18

barred and enjoined from instituting, commencing, or prosecuting any and all of Shareholders' Released Claims against Defendants' Released Persons.

4.2 In consideration of the obligations and commitments undertaken by Shareholders and the releases by Shareholders' Released Persons, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Defendants' Released Persons shall fully, finally and forever release, relinquish and discharge as against Shareholders' Released Persons any and all of Defendants' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Defendants' Released Claims against Shareholders' Released Persons.

4.3 Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

**5. Shareholders' Counsel's Attorneys' Fees and Expenses**

5.1 After negotiation of the principal terms of the Settlement, Shareholders' Counsel and Wendy's commenced protracted negotiations at arm's length regarding the amount of attorneys' fees and expenses to be paid to Shareholders' Counsel, with the substantial assistance and oversight of the Mediator. Ultimately, the Mediator issued a "Mediator's Proposal" regarding attorneys' fees and expenses to be paid to Shareholders' Counsel, which all Parties accepted. In recognition of the substantial benefits provided to Wendy's and Current Wendy's Stockholders as a result of the issuance of the Demand and the initiation, prosecution, pendency, and settlement of the Action, Wendy's D&O insurance carrier(s) shall, upon Court approval, pay or cause to be paid to Shareholders' Counsel attorneys' fees and expenses in the total amount of $950,000 (the "Fee Award"). The Parties mutually agree that the Fee Award is fair and reasonable in light of the

19

substantial benefits conferred upon Wendy's and Current Wendy's Stockholders by this Stipulation.

5.2     Fees shall be paid by Wendy's to Defendants' Counsel to be held in escrow within fifteen (15) business days after the issuance of the Preliminary Approval Order and shall be releasable to Shareholders' Counsel within five (5) business days of the entry of the Order and Final Judgment.

5.3     Payment of the Fee Award in the amount approved by the Court shall constitute final and complete payment for Shareholders' Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the issuance of the Demand and the resolution of the claims alleged therein. Defendants (including their insurer(s)) shall have no obligation to make any payment other than the Fee Award as provided herein to any Shareholders' Counsel. The Parties further agree that Shareholders' Counsel shall not seek award of fees and/or expenses against any of the Individual Defendants or the Defendants' Released Persons, except for Wendy's.

5.4     In the event the Court orders payment of fees or costs to a third-party in this matter, including any Current Wendy's Stockholder(s) or such stockholder's counsel, any such fees or costs shall be paid by Shareholders' Counsel up to and including $200,000. Defendants reserve the right to withdraw from this Stipulation and/or from the Settlement at their sole discretion in the event that any other Current Wendy's Stockholder(s) or such stockholder's counsel is awarded additional fees and/or expenses collectively in excess of $200,000.

5.5     Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs and expenses in connection with the Action; *provided however*, that nothing in this Stipulation shall be construed to have any effect upon any Individual Defendant's existing rights

to indemnification or advancement from Wendy's or pursuant to any applicable policy of insurance.

5.6     In light of the substantial benefits they have helped to create for Wendy's and all Current Wendy's Stockholders, the Shareholders may apply for Court-approved incentive awards in the amount of $2,500 each (the "Incentive Awards").  The Incentive Awards shall be funded from the Fee Award.  Defendants shall take no position on the Incentive Awards.

5.7     None of Defendants' Released Persons shall have any liability whatsoever for amounts owed for taxes by Shareholders or Shareholders' Counsel on account of the payments made or to be made under this Stipulation.  All tax liability (if any) in connection with this Stipulation and the Settlement shall be borne solely and exclusively by Shareholders or Shareholders' Counsel.

**6.  Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

6.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Board has approved the Settlement and each of its terms as in the best interests of Wendy's;

(b)     the entry by the Court of the Order and Final Judgment substantially in the form of Exhibit D hereto;

(c)     the payment of the Fee Award in accordance with Section 5 hereof; and

(d)     the Order and Final Judgment having become Final.

6.2     If any of the conditions specified in ¶ 6.1 are not met, or the Settlement is terminated for any reason, the Stipulation shall be canceled and terminated subject to ¶ 6.3, unless the Parties mutually agree in writing to proceed with the Stipulation, and the Parties shall be

21

restored to their respective positions as of the Execution Date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 6.2-6.3, 7.3, 7.6, 7.9, 7.10, 7.11, 7.14 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

6.3     If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if the judgment specified in ¶ 6.1(b) is successfully attacked collaterally, then the payments to Shareholders' Counsel pursuant to Section 5, and any and all interest accrued thereon since payment, shall be returned to Wendy's, its designee, and/or its successors within ten (10) business days of receiving notice from Defendants or from a court of appropriate jurisdiction.

**7.  Miscellaneous Provisions**

7.1     The Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2     The Parties agree that the terms of the Settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent

22

legal counsel and with the substantial assistance of the Mediator. Discussions regarding the amount of attorneys' fees for Shareholders' Counsel were conducted after the material settlement terms were substantially agreed upon. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

       7.3     Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Shareholders' Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Shareholders' Counsel, Defendants' Counsel, Defendants' Released Persons or Shareholders' Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Shareholders' Counsel, Defendants' Counsel, Defendants' Released Persons or Shareholders' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Parties, Shareholders' Counsel, Defendants' Counsel, Defendants' Released Persons and Shareholders' Released Persons may file the Stipulation and/or the Order and Final Judgment in any action brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.4     The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.5     In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

7.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

7.7     The Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Parties with respect to the Action and the Demand, constitute the entire agreement among the Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

7.8     The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Persons.  The Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any planned, proposed or actual sale, merger or change-in-control of Wendy's shall not void this Stipulation, and that in the event of a planned, proposed or actual sale, merger or change-in-control of Wendy's they will continue to seek final approval of this Stipulation expeditiously, including but not limited to the settlement terms reflected in this Stipulation and the Fee Award (as defined herein).

7.9     All agreements made and orders entered during the course of the Action relating to the confidentiality of information and documents shall survive this Stipulation.

7.10     Shareholders have not assigned, encumbered, or in any manner transferred in whole or in part any of the Released Claims.

7.11    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Parties hereby warrants that such Person has the full authority to do so. The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Parties.

7.12    The Stipulation may be executed by facsimile and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

7.13    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

7.14    This Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Ohio, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to that state's choice-of-law principles.

7.15    The Stipulation shall be deemed drafted equally by all Parties hereto.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of May 5, 2018.

**STRAUSS TROY**

/s/ Richard S. Wayne
_____
Richard S. Wayne
William K. Flynn
150 E. Fourth Street
Cincinnati, OH 45202-4018
Tele: (513) 621-2120
Facs: (513) 629-9426
*Counsel for Plaintiff James Graham*

**ALSTON & BIRD LLP**

_____
John Latham
Cara Peterman
1201 West Peachtree, Suite 4200
Atlanta, GA 30309-
Tele: (404) 881-7176
Facs: (404) 881-7777
*Counsel for Defendants*

25

**FARUQI & FARUQI LLP**

Stuart J. Guber
101 Greenwood Ave., Suite 600
Jenkintown, PA 19046
Tele: (215) 277-5770
Facs: (215) 277-5771

*Counsel for Plaintiff James Graham*

**THE WEISER FIRM, P.C.**

Robert B. Weiser
Brett D. Stecker
James M. Ficaro
22 Cassett Avenue
Berwyn, PA 19312
Tele: (610) 225-2677
Facs: (610) 408-8062

*Counsel for Michael Coahn*

26

**FARUQI & FARUQI LLP**

---

Stuart J. Guber
101 Greenwood Ave., Suite 600
Jenkintown, PA 19046
Tele: (215) 277-5770
Facs: (215) 277-5771

*Counsel for Plaintiff James Graham*

**THE WEISER FIRM, P.C.**

---

Robert B. Weiser
Brett D. Stecker
James M. Ficaro
22 Cassett Avenue
Berwyn, PA 19312
Tele: (610) 225-2677
Facs: (610) 408-8062

*Counsel for Michael Coahn*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE THE WENDY'S COMPANY SHAREHOLDER DERIVATIVE ACTION | ) ) ) ) | CASE NO: 1:16-cv-01153-TSB JUDGE TIMOTHY S. BLACK |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a consolidated derivative action is pending before this Court styled *In re The Wendy's Company Shareholder Derivative Litigation*, No. 1:16-cv-01153-TSB (the "Action");

WHEREAS, Plaintiff James Graham has made an application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of this Action in accordance with the Stipulation and Agreement of Settlement dated May 5, 2018 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice; and (ii) approving the form and manner of the dissemination of the Notices to Current Wendy's Stockholders, attached as Exhibits B and C, respectively to the Stipulation; and (iii) scheduling a date for the Settlement Hearing (defined below), pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of a Fee Award in the amount separately negotiated by the Parties and Incentive Awards to each of the Shareholders;

WHEREAS this Court has considered the Stipulation and the exhibits annexed thereto and the arguments of the Parties; and

WHEREAS all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein);

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.     This Court has jurisdiction over the subject matter of the Action, and the Parties to the Stipulation agreed to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

2.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing (defined below).

3.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2018, at ____ _.m. at the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202, Courtroom XXX, to (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and should be approved; (ii) hear and rule on any objections thereto; (iii) determine whether the Order and Final Judgment should be entered; (iv) determine the amount of fees and expenses that should be awarded to Shareholders' Counsel; and (v) determine the amount of any Incentive Award to be paid to Shareholders.

4.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Wendy's Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

5.     Within ten (10) business days of the Court's entry of this Order, Wendy's shall: (a) post a copy of the Stipulation and Notice on the Investor Relations portion of the Wendy's website; (b) cause a Current Report on Form 8-K to be filed with the SEC that attaches the contents of the Summary Notice, and provides a link in the 8-K to the Stipulation and Notice that

shall be posted on the Investor Relations portion of Wendy's website; and (c) cause a copy of the Summary Notice to be published one time in *IBD Weekly Print*. All costs of such Notice and posting and any other notice ordered by the Court shall be paid by Wendy's.

6.     The form and method of notice provided in the preceding paragraph is the best notice practicable, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice, and meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution, and other applicable law.

7.     At least twenty-eight (28) calendar days prior to the Settlement Hearing, Defendants' counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of distribution of the Notices.

8.     All papers in support of the Settlement, the Fee Award, and the Incentive Award shall be filed with the Court and served at least twenty-eight (28) calendar days prior to the Settlement Hearing. The Parties shall file with the Court and serve responses to any objections filed pursuant to ¶ 9 below or in further support of the Settlement at least seven (7) calendar days prior to the Settlement Hearing.

9.     Any Current Wendy's Stockholder may object to the Settlement of the Action, the proposed Order and Final Judgment, the proposed Fee Award, and/or the Incentive Award, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing. To object, such stockholders must submit copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of current ownership of Wendy's common stock, including the number of shares of Wendy's common stock and the date or dates

of purchase; (c) a written statement explaining the person's or entity's objection and the reasons

for such objection; and (d) any documentation in support of such objection.  Any objection

should not exceed twenty-five (25) pages in length.  If the stockholder wishes to appear at the

Settlement Hearing, he, she, or it must also include a statement of intention to appear at the

Settlement Hearing.  Such materials must be filed with the Clerk of the United States District

Court for the Southern District of Ohio and sent by first class mail to the following addresses and

postmarked at least twenty-one (21) calendar days before the Settlement Hearing:

> FARUQI & FARUQI, LLP
> Stuart J. Guber
> 101 Greenwood Ave., Ste. 600
> Jenkintown, PA 19046
>
> -and-
>
>
> STRAUSS TROY
> Richard S. Wayne
> 150 E. Fourth Street
> Cincinnati, OH 45202-4018
>
> *Counsel for Plaintiff*
>
>
> ALSTON & BIRD LLP
> John L. Latham
> Cara Peterman
> 1201 West Peachtree Street NW
> Atlanta, GA 30309
>
> *Counsel for Defendants*

Any person or entity who fails to object in the manner described above shall be: (i)

deemed to have waived any objection to the Settlement, Stipulation, Order and Final Judgment,

the Fee Award, and the Incentive Awards; (ii) barred from raising such objection in this Action or any other action or proceeding related thereto; and (iii) bound by the Order and Final Judgment and the releases of claims therein.

10.     Pending final determination of whether the Settlement should be approved, all proceedings in the Action and all further activity between the Parties regarding or directed toward the Action, save for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

11.     Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Shareholders and/or any Wendy's stockholder derivatively on behalf of Wendy's are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any of Shareholders' Released Claims against Defendants' Released Persons.

12.     The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Wendy's Stockholders.

13.     All Current Wendy's Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Wendy's stockholders.

14.     The provisions contained in the Stipulation (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in

any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Parties may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     In the event that the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions in the Action as of the last date before the Stipulation, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

16.     In the event the Order and Final Judgment fails to become final, then it shall be the obligation of Shareholders' Counsel to make appropriate refunds or repayments to the Defendants of any attorneys' fees and expenses previously paid within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction.

IT IS SO ORDERED.

DATED: _____          _____
                                      The Honorable Timothy S. Black

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE THE WENDY'S COMPANY SHAREHOLDER DERIVATIVE ACTION | ) CASE NO: 1:16-cv-01153-TSB<br>) JUDGE TIMOTHY S. BLACK<br>)<br>) |

## <u>NOTICE OF PROPOSED SETTLEMENT</u>

**TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF THE WENDY'S COMPANY ("WENDY'S" OR THE "COMPANY") AS OF MAY 5, 2018 ("CURRENT WENDY'S STOCKHOLDERS") (EXCLUDING DEFENDANTS) AND THEIR SUCCESSORS-IN-INTEREST.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF SHAREHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.**

**PLEASE NOTE THAT THIS ACTION IS NOT A "CLASS ACTION" AND NO INDIVIDUAL SHAREHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THIS ACTION.**

YOU ARE HEREBY NOTIFIED, pursuant to an order of the United States District Court for the Southern District of Ohio (the "Court"), that a proposed Settlement[1] has been reached between and among Defendants and Plaintiff James Graham in the consolidated shareholder derivative action styled *In re The Wendy's Company Shareholder Derivative Litigation*, Case No. 1:16-cv-01153-TSB (the "Action") and an additional stockholder who is not a party to the Action but who previously made a demand on the Company's Board (the "Demand")to investigate claims arising out of a third-party criminal cyberattack at certain franchisee-owned Wendy's restaurants (the "Data Breach"). This Notice is not an expression of any opinion by the Court with respect to the truth of the allegations in the Action or the merits of the claims or defenses asserted by or against any party. It is solely to notify you of the terms of the proposed Settlement, and your rights related thereto. The terms of the proposed settlement are set forth in a Stipulation and Agreement of Settlement dated May 5, 2018 (the "Stipulation"). This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and is attached hereto.

---

[1] All capitalized terms herein have the same meanings as set forth in the Stipulation.

## I.      WHY THE COURT HAS ISSUED THIS NOTICE

Your rights may be affected by the Settlement of the Action.  The Parties have agreed upon terms to settle the Action and the Demand and have signed the Stipulation setting forth the Settlement terms.

## II.     SUMMARY OF THE SHAREHOLDER MATTERS SUBJECT TO THE SETTLEMENT

On December 16, 2016, Wendy's stockholder James Graham filed a Verified Shareholder Derivative Complaint in the Southern District of Ohio, captioned *Graham v. Peltz, et al*., 1:16-cv-01153-TSB.  The Graham Complaint alleged, in part, that the Individual Defendants, who are current and former officers and directors of the Company, allegedly breached their fiduciary duties, wasted corporate assets, were unjustly enriched, and committed gross mismanagement in their oversight of the Company's cyber risks.  On March 10, 2017, the Defendants filed a Motion to Dismiss the Complaint for failure state a claim under Fed. R. Civ. P. 12(b)(6) and for failure to make a pre-suit demand on the Company's board or to plead particularized facts to show that such a demand would be futile, as required by Delaware Court of Chancery Rule 23.1.

On March 22, 2017, counsel for Michael Coahn sent a pre-suit demand (the "Demand") pursuant to Delaware law to the Company's Board of Directors, demanding that the Board investigate potential breaches of fiduciary duty related to the Data Breach.  The Demand alleged, among other things, that management breached their fiduciary duties of loyalty and good faith by (i) failing to implement and enforce a system of effective internal controls and procedures with respect to data security for the Company and its franchisees; (ii) failing to exercise their oversight duties by allegedly not monitoring the Company and its franchisees' compliance with federal and state laws; and (iii) failing to cause the Company to make full and fair disclosures concerning the effectiveness of the Company's policies and procedures with respect to data security and the scope and impact of the Data Breach.  The Board's counsel, Cleary Gottlieb Steen & Hamilton LLP, sent a letter in response to the Demand to Coahn's counsel on May 24, 2017.  The Cleary Letter informed Coahn's counsel that, because of the issues being litigated in the Action, the Board would defer taking any action in response to the Demand pending a ruling on the sufficiency of the pleadings in the litigation, and that the Board would monitor developments and consider the Demand at a later time as circumstances warranted.

On March 23, 2017, Wendy's stockholder Thomas Caracci filed a Verified

Shareholder Derivative Complaint in the Southern District of Ohio, captioned *Caracci v. Brolick, et al.*, 1:17-cv-00192-TSB.

On May 17 and 18, 2017, the Plaintiffs in the *Caracci* and *Graham* actions each moved to consolidate the related derivative actions and to appoint their respective counsel as Lead Counsel in the action. On June 12, 2017, the Court entered a Notation Order consolidating the two actions, but did not appoint Lead Counsel.

Counsel for shareholders Graham and Coahn jointly submitted a detailed settlement demand to counsel for the Defendants on December 6, 2017. On February 12, 2018, after submitting their respective confidential mediation statements, Shareholders' Counsel and counsel for the Defendants attended a full day in-person mediation. Thereafter, Graham, Coahn, and Defendants reached an agreement to resolve the Action and the Demand on the terms set forth in the Stipulation.

## III.   TERMS OF THE PROPOSED SETTLEMENT

The principal terms, conditions, and other matters that are part of the Settlement are subject to approval by the Court and a number of other conditions. This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and may be viewed on the Investor Relations portion of the Wendy's website. As set forth therein, Wendy's, subject to Board approval, agrees to adopt and/or maintain the following measures with respect to its Company-owned U.S. restaurants and systems (unless otherwise specified below), within thirty (30) days of issuance of the Order and Final Judgment, subject to either: (a) a determination by a majority of the non-management Directors that the measure is no longer in the best interest of the Company, including, but not limited to, due to circumstances making the measure no longer applicable, feasible, or available on commercially reasonable terms; (b) a determination by the Chief Information Officer (or the officer designated as the head of the Company's cybersecurity program) and approved by a majority of the members of the Board's Technology Committee that the measure is no longer in the best interest of the Company, including, but not limited to, due to circumstances making the measure no longer applicable, feasible, or available on commercially reasonable terms; or (c) modifications which the Company reasonably believes are required by applicable law or regulation.

1.     The Board will maintain a Technology Committee with oversight responsibilities relating to matters of information technology and cybersecurity;

2.     The Technology Committee will be governed by a Charter, which will include in relevant part that the Technology Committee shall oversee, among other things, cybersecurity matters;

3.     The Technology Committee Charter will be approved no later than fifteen (15) days prior to a hearing on any motion for final approval of the settlement;

4.     Management will report to the Technology Committee on any material findings arising out of the annual Qualified Security Assessor ("QSA") reviews of the Company as a merchant of record for all Company-owned stores and as a service provider to franchisees, to the extent such QSA reviews are required by Payment Card Industry Data Security Standards ("PCI DSS");

5.     The Technology Committee will retain the right to meet with the Company's Chief Information Officer ("CIO") in executive session as the Committee deems necessary and appropriate;[2]

6.     On at least an annual basis, and more frequently if requested by the Technology Committee, the Company's Management will report to the Technology Committee regarding the Company's cybersecurity program and material cybersecurity risks;

7.     The Board or a Committee thereof will continue to be authorized to retain its own IT, data and security experts and consultants to assist in its cybersecurity oversight function, as it deems necessary;

8.     The Company will either continue to (a) maintain Wendy's Technology, LLC ("WeTech") or a similar entity, which will offer to Wendy's franchisees certain Foundational Security Services, as may be amended from time to time in the WeTech Products and Services Agreement or any similar document or (b) require franchisees to use a Company approved third-party vendor(s) for similar services;

9.     The Company will continue to maintain the Wendy's Technology Advisory Council ("WTAC");

10.     The Company's CIO or someone who reports directly to the CIO, will continue to serve as the Wendy's Member, which will be the Chair of the WTAC;

11.     The Company will continue to maintain and update as needed the information security standards in its Franchisee Operations Manual or a similar

---

[2] In the event the Company determines in its sole discretion to appoint a Chief Information Security Officer or another officer with oversight of the Company's cybersecurity program, the duties and responsibilities of the CIO set forth herein may be transferred in whole or in part to such other officer(s), at the discretion of the Company.

document that is distributed to franchisees, and the manual or other similar document will continue to include information regarding the franchisees' obligations to comply with PCI DSS;

12. The Company will continue to maintain and periodically re-evaluate an Incident Response Plan or a similar document to address potential significant cybersecurity incidents;

13. The Company will continue to maintain an Information Security Incident Management Plan or similar document;

14. The Company will continue to maintain and periodically re-evaluate its Information Security Policy;

15. The Company's Enterprise Risk Management team, which includes members of the Company's legal, risk management, and information security departments, will continue to meet on a regular basis, and will continue to discuss and evaluate potential risks to the Company, which may include cyber risks;

16. Management will contain to maintain monitoring for indicators of compromise on the Company's computer network endpoints, to the extent required by PCI DSS;

17. Management will continue to ensure that the Company's network topology is reasonably segmented;

18. Management will continue to deploy anti-virus protections on all Company-owned store based IT assets, to the extent required by PCI DSS;

19. Management will continue to conduct regular external and internal penetration testing;

20. The Company will continue to conduct IT table-top exercises periodically.

## IV. DISMISSAL OF THE ACTION AND RELEASE OF CLAIMS

The Stipulation provides for the full release of any and all claims that have been brought or could be brought by any Wendy's shareholder on behalf of Wendy's against the Defendants and the Defendants' Released Persons arising out of the Data Breach, the entry of judgment dismissing the Action on the merits with prejudice, and the full release of any claims that may or could arise out of the Demand. If approved by the Court, the Settlement will permanently bar and enjoin the institution and prosecution by any Wendy's shareholders on behalf of Wendy's against Defendants' Released Persons of any of Shareholders' Released Claims and any claims arising out of, relating to or in connection with the institution, prosecution,

assertion, defense, settlement, or resolution of the Action.

## V. PLAINTIFFS' ATTORNEY FEES AND EXPENSES AND SHAREHOLDERS' INCENTIVE AWARDS

The maximum amount of aggregate fees and expenses that will be sought by Shareholders' Counsel is $950,000. To date, Shareholders' Counsel have not received any payments for their efforts on behalf of Wendy's and its stockholders. Any fee awarded by the Court is designed to compensate Shareholders' Counsel for the results achieved on behalf of the Company in response to the Action and the Demand, and the costs associated with development, prosecution, and settlement of the Action and the Demand. Shareholders Graham and Coahn will be seeking an Incentive Award in an amount up to $2,500 each for their participation in the Action or Demand. Such Incentive Awards shall be paid from the Fee Award to Shareholders' Counsel.

## VI. REASONS FOR THE SETTLEMENT

The Parties have determined that it is desirable and beneficial that the Action and the Demand, and all of their disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

### A. Why Did the Shareholders Agree to Settle?

Shareholders believe that the claims asserted in the Action on behalf of Wendy's have merit. Coahn additionally believes that he may have meritorious claims arising out of his Demand. The Shareholders, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action and/or any action arising out of the Demand. Shareholders and Shareholders' Counsel have also taken into account the uncertain outcome and the risk of continued litigation as well as the difficulties and delays inherent in such litigation. Based on their evaluation, Shareholders and Shareholders' Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Wendy's and that it confers substantial benefits upon Wendy's and its stockholders.

### B. Why Did the Defendants Agree to Settle?

Defendants have denied, and continue to deny, each and all of the allegations made by the Plaintiffs in the Action and by Coahn in the Demand, and furthermore maintain that they have meritorious defenses thereto. Defendants also have denied and continue to deny, among other allegations, the allegations that Wendy's or any its stockholders were harmed in any way as a result of the conduct of the Individual

Defendants alleged in the Action or the Demand. The Individual Defendants have further asserted and continue to assert that at all times they acted in good faith and in a manner they reasonably believed to be and that was in the best interests of Wendy's and its stockholders. Nonetheless, Defendants have concluded that further litigation may be protracted and expensive and that it is desirable that the Action and the Demand be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants have, therefore, determined that it is desirable that the Action and the Demand be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VII.   SETTLEMENT HEARING

On _____, 2018 at _.m., a hearing (the "Settlement Hearing") will be held before the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202, Courtroom ____, Cincinnati, Ohio 45202 to (i) determine whether the proposed Settlement of the Action and the Demand on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of Wendy's and its stockholders; (ii) hear and rule on any objections to the proposed Settlement, the proposed Order and Final Judgment, the proposed Fee Award and proposed Incentive Awards; (iii) determine whether to approve the Fee Award and Incentive Awards; and (iv) determine whether the Court should enter the Order and Final Judgment, attached as Exhibit D to the Stipulation, which would dismiss with prejudice the Action as to the Parties and release the Shareholders' Released Claims and Defendants' Released Claims including as to any claims that have been brought or could have been brought against the Defendants' Released Persons related to the Data Breach. If the Settlement is approved, you will be subject to and bound by the provisions of the Stipulation, the releases contained therein, and by all orders, determinations, and judgments, including the Order and Final Judgment, concerning the Settlement, whether favorable or unfavorable to you or Wendy's.

Pending final determination of whether the Settlement should be approved, no Wendy's stockholder, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, an action or proceeding in any court, administrative agency, or other tribunal asserting any of the Shareholders' Released Claims and Defendants' Released Claims.

## VIII.  RIGHT TO ATTEND FINAL HEARING

You may enter an appearance in the Action, at your own expense, individually or through counsel of your choice. If you want to object at the Settlement Hearing,

then you must first comply with the procedures for objecting, which are set forth below.  The Court has the right to change the hearing dates or times without further notice.  Thus, if you are planning to attend the Final Hearing, you should confirm the date and time before going to the Court.  If you have no objection to the Settlement, you do not need to appear at the Settlement Hearing or take any other action.

## IX.    THE PROCEDURES FOR OBJECTING TO THE SETTLEMENT

Any Current Wendy's Stockholder may object to the Settlement of the Action and the Demand, the proposed Order and Final Judgment, and/or the proposed Fee Award, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing.  To object, such stockholders must submit copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of current ownership of Wendy's common stock, including the number of shares of Wendy's common stock and the date or dates of purchase; (c) a written statement explaining the person's or entity's objection and the reasons for such objection; and (d) any documentation in support of such objection.  Any objection should not exceed twenty-five (25) pages in length.  If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.  Such materials must be filed with the Clerk of the United States District Court for the Southern District of Ohio and sent by first class mail to the following addresses and postmarked at least twenty-one (21) calendar days before the Settlement Hearing:

>          FARUQI & FARUQI, LLP
>          Stuart J. Guber
>          101 Greenwood Ave., Ste. 600
>          Jenkintown, PA 19046
>               -and-
>
>
>          STRAUSS TROY
>          Richard S. Wayne
>          150 E. Fourth Street
>          Cincinnati, OH 45202-4018
>
>          *Counsel for Plaintiff*

ALSTON & BIRD LLP
John L. Latham
Cara Peterman
1201 West Peachtree Street NW
Atlanta, GA 30309

*Counsel for Defendants*

Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Order and Final Judgment, Fee Award, and Incentive Awards; (ii) barred from raising such objection in this Action or any other action or proceeding; and (iii) bound by the Order and Final Judgment and the releases of claims therein.

Current Wendy's Stockholders that have no objection to the Settlement, Order and Final Judgment, Fee Award, or Incentive Awards do not need to appear at the Settlement Hearing or take any other action.

## X.    HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice summarizes the Stipulation.  It is not a complete statement of the events of the Action or the Demand, or the terms of the Settlement contained in the Stipulation.  The Stipulation may be viewed on the Investor Relations portion of the Wendy's website.

Inquiries about the Action, the Demand or the Settlement may be made to Plaintiffs' Counsel: Stuart J. Guber, Faruqi & Faruqi, LLP 101 Greenwood Ave., Ste. 600, Jenkintown, PA 19046, (215)277-5770; Richard S. Wayne, Strauss Troy, 150 E. Fourth Street, Cincinnati, OH 45202-4018, (513)621-2120.


DATED: _____, 2018          BY ORDER OF THIS COURT
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF OHIO


## DO NOT CONTACT THE CLERK OF THE COURT REGARDING THIS NOTICE

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE THE WENDY'S COMPANY SHAREHOLDER DERIVATIVE ACTION | )  CASE NO: 1:16-cv-01153-TSB )  JUDGE TIMOTHY S. BLACK ) ) |

**TO:    ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF THE WENDY'S COMPANY ("WENDY'S") AS OF MAY 5, 2018**

**PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.**

**YOU ARE HEREBY NOTIFIED** that the above-captioned consolidated shareholder derivative action (the "Action"), is being settled on the terms set forth in the Stipulation and Agreement of Settlement dated May 5, 2018 (the "Stipulation"). The Stipulation additionally settles and releases any claims that have been brought or may or could arise out of a Demand on Wendy's Board arising out of the Data Breach at certain franchisee-owned Wendy's restaurants. This Summary Notice is provided by order of the United States District Court for the Southern District of Ohio (the "Court").

The Action alleges claims against each of the Individual Defendants[1] for breach of fiduciary duty, waste of corporate assets, unjust enrichment and gross mismanagement. Pursuant to the terms of the Settlement set forth in the Stipulation, Wendy's agrees to adopt and/or maintain certain Measures within thirty (30) days of issuance of the Order and Final Judgment. The Measures shall be maintained for at least three (3) years following the issuance of the Order and Final Judgment, subject to certain terms and conditions set forth in the Stipulation. The Defendants also agreed to cause an award of attorneys' fees and expenses to be paid to Shareholders' Counsel in the total amount of $950,000 (the "Fee Award"), subject to approval of the Court. Certain Shareholders in the Action and who made the Demand may petition the Court for an incentive award of up to $2,500 each (the "Incentive Awards"), which, subject to Court approval, shall be paid from the Fee Award. Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing asserted in the Action. This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation.[2]

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the meanings set forth in the Stipulation.

[2] A copy of the Stipulation has been filed with the Court and may also be viewed on the Investor Relations portion of the Wendy's website.

On _____, 2018, at _____ _.m., a hearing (the "Settlement Hearing") will be held at the United States District Court for the Southern District of Ohio, 100 East Fifth Street, Cincinnati, Ohio 45202, Courtroom ___, Cincinnati, Ohio 45202 to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved; hear and rule on any objections thereto; determine whether the Order and Final Judgment should be entered; determine the amount of fees and expenses that should be awarded to Shareholders' Counsel; and determine the amount of any Incentive Award to be paid to Shareholders.[3]

This Summary Notice provides a condensed overview of certain provisions of the Stipulation and the full Notice of Proposed Settlement (the "Notice"). It is not a complete statement of the events of the Action or the Demand, or the terms set forth in the Stipulation. For additional information about the claims asserted in the Action, the allegations raised in the Demand, and the terms of the proposed Settlement, you may inspect the Stipulation and other papers filed in the Action at the U.S. District Court Clerk's office at any time during regular business hours. In addition, copies of the Stipulation and the Notice are available on the Investor Relations section of the Company's website. Inquiries regarding the proposed Settlement also may be made to counsel for the Plaintiff Graham: Stuart J. Guber, Faruqi & Faruqi, LLP 101 Greenwood Ave., Ste. 600, Jenkintown, PA 19046, (215) 277-5770; Richard S. Wayne, Strauss Troy, 150 E. Fourth Street, Cincinnati, OH 45202-4018, (513) 621-2120.

You may enter an appearance before the Court, at your own expense, individually or through counsel of your choice. If you want to object at the Settlement Hearing, you must be a Current Wendy's Stockholder and you must first comply with the procedures for objecting, which are set forth in the Stipulation and its accompanying exhibits, including the Notice. **Any objection to any aspect of the Settlement must be filed with the Clerk of the Court no later than ____[21 days before the Settlement Hearing]**, in accordance with the procedures set forth in the Stipulation and the Notice. Any objection may not exceed twenty-five (25) pages in length. Any Current Wendy's Stockholder who fails to object in accordance with such procedures will be bound by the Order and Final Judgment of the Court granting final approval to the Settlement and the releases of claims therein, and shall be deemed to have waived the right to object (including the right to appeal) and forever shall be barred, in this proceeding or in any other proceeding, from raising such objection.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS SUMMARY NOTICE**.

---

[3] Under the terms of the Stipulation, the maximum amount of aggregate fees and expenses that will be sought by Shareholders' Counsel is $950,000.

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE THE WENDY'S COMPANY SHAREHOLDER DERIVATIVE ACTION | ) CASE NO: 1:16-cv-01153-TSB<br>) JUDGE TIMOTHY S. BLACK<br>)<br>) |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") of this Court dated _____, 2018, on the application of Plaintiff James Graham for approval of the settlement of this Action as set forth in the Stipulation and Agreement of Settlement dated as of May 5, 2018, including all exhibits thereto (the "Stipulation"). Due and adequate notice having been given by The Wendy's Company ("Wendy's" or the "Company") and Plaintiff to Current Wendy's Stockholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Order and Final Judgment ("Judgment") incorporates herein the Stipulation, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, and the Parties to the Stipulation have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

3.      The record shows that Notice and Summary Notice have been given to all Current Wendy's Stockholders in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notice and Summary Notice: (i) constitute reasonable and the best notice practicable under the circumstances; (ii) constitute notice that was reasonably calculated, under the circumstances, to apprise all Current Wendy's Stockholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and Current Wendy's Stockholders' right to object to and to appear at the settlement fairness hearing held on _____, 2018 (the "Settlement Hearing"); (iii) constitute due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iv) meet the requirements of due process.

4.      In light of the benefits to the Company and the complexity, expense and possible duration of further litigation against the Defendants, the Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c), as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair,

reasonable, and adequate, and in the best interests of Wendy's and its stockholders. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Wendy's, Wendy's stockholders, and the Individual Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

5.     The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.  The Action and all claims contained therein, as well as all of the Shareholders' Released Claims, are dismissed on the merits and with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

6.     The Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

7.     Upon the Effective Date, the Shareholders' Released Persons and all other Wendy's shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged the Shareholders' Released Claims (including Unknown Claims)

against Defendants' Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8.     Upon the Effective Date, Defendants' Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Defendants' Released Claims (including Unknown Claims) against Shareholders' Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9.     The provisions contained in the Stipulation (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.  The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement,

judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court hereby approves a Fee Award in the amount of $950,000. The Court also approves Incentive Awards to each of the Shareholders in the amount of $2,500, to be paid out of the Fee Award.

11. Payment of the Fee Award made by Wendy's or its insurer(s) as specified in Section 5 of the Stipulation shall be releasable within five (5) business days of the entry of this Judgment, notwithstanding the existence of any collateral attacks on the Settlement, the Fee Award and/or the Incentive Awards including, without limitation, any objections or appeals.

12. If for any reason the Effective Date as set forth in the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if this Judgment is successfully attacked collaterally, then the payment of the Fee Award, and any and all interest accrued thereon since payment, shall be returned to Wendy's, its designee, and/or its successors within ten (10) business days of receiving notice from Defendants or from a court of appropriate jurisdiction.

13. Shareholders and/or any Wendy's stockholder derivatively on behalf of Wendy's are permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any

action asserting any Shareholders' Released Claims against any of Defendants' Released Persons.

14.     Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose.     Shareholders, Defendants, and each Current Wendy's Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes.     Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

16.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice and on the merits. The Court finds that this Order and Final Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____        _____
                                    The Honorable Timothy S. Black